IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KATHERINE PARKER, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-16-562 |
| UNITED STATES POSTAL SERVICE, | * | |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiffs Katherine Parker and Montrell Woody bring this action pursuant to the Federal Tort Claims Act ("FTCA") against the United States Postal Service ("USPS")[1] seeking damages for injuries they allegedly suffered as a result of a motor vehicle collision with a USPS truck on July 2, 2014. (ECF No. 1 at ¶¶ 2-5.)

Currently pending before this Court is defendant's Partial Motion to Dismiss, or in the Alternative, for Partial Summary Judgment ("Defendant's Motion") (ECF No. 14). Through this Motion, defendant seeks to dismiss the claims of plaintiff Woody as time barred.[2] (ECF No. 14-1 at 2.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion is GRANTED and plaintiff Woody's claims are DISMISSED WITH PREJUDICE.

---

[1] As this case is brought pursuant to the FTCA, the proper defendant is the United States. *See* 28 U.S.C. § 2679(a). Accordingly, the United States is substituted for USPS as defendant in this case pursuant to a separate Order which follows.

[2] Defendant does not seek dismissal of plaintiff Parker's claims through this Motion. Indeed, defendant states that it intends to file an answer to Parker's Complaint after resolution of this Motion. (ECF No. 15 at 1, n.1.)

1

## BACKGROUND

Plaintiff Woody seeks to recover damages for injuries he allegedly suffered as a result of a motor vehicle collision with an USPS truck on July 2, 2014 in west Baltimore. (ECF No. 1 at ¶¶ 2-4.) Mr. Woody was a passenger in the car driven by co-plaintiff Parker at the time of the accident. (*Id.*) Plaintiff alleges that the accident was caused by the negligence of USPS's agent, Michael Randolph. (*Id.* at ¶¶ 8-10.) Plaintiff also alleges that USPS was negligent in entrusting Mr. Randolph with the USPS truck and in its supervision of Mr. Randolph's use of the truck. (*Id.* at ¶¶ 11-30.)

Mr. Woody filed an administrative claim for damages in the autumn of 2014.[3] (ECF No. 14-2.) His claim was denied by letter dated February 2, 2015. (ECF No. 14-3.) By letter dated July 2 and received on July 6, 2015, plaintiff requested that USPS reconsider its denial of his claim. (ECF No. 14-4.) USPS denied the request for reconsideration by letter dated July 10, 2015. (ECF No. 14-5.) USPS's letter denying plaintiff's request for reconsideration stated:

> In accordance with 28 U.S.C. 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final decision of an administrative claim, **a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action.** Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

(ECF No. 14-5) (emphasis added.) The instant suit was filed on February 26, 2016, more than seven months after the date on which USPS's decision letter was mailed. (ECF No. 1.)

---

[3] While Woody's administrative claim form was dated August 14, 2014, USPS did not receive the form until October 23, 2014. (ECF No. 14-2.)

**STANDARDS OF REVIEW**

**I.     Motion to Dismiss pursuant to Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those

attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

**II.     Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, summary judgment is proper "only when no 'reasonable jury could return a verdict for the nonmoving party.'" *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1257 (Fed. Cir. 2001) (quoting *Anderson*, 477 U.S. at 255)). When considering a motion for summary judgment, a judge's function is limited to determining

whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Anderson*, 477 U.S. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

## ANALYSIS

In moving to dismiss plaintiff Woody's claims pursuant to Rule 12(b)(6) or for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant argues that Woody's claims are time-barred under the FTCA's statute of limitations, 28 U.S.C. § 2401(b). Specifically, defendant argues that because Woody did not file his Complaint in this Court until more than six months after the date on which its letter denying his request for reconsideration was mailed, his claims are barred under 28 U.S.C. § 2401(b). Woody does not expressly dispute defendant's timeliness argument, but asserts that defendant's reliance on documents beyond the face of the Complaint converts the Motion into one for summary judgment and, moreover, that defendant's failure to attach any affidavits or verified evidence to its Motion makes summary judgment inappropriate. (ECF No. 15 at ¶¶ 5-6.) In its Reply brief, defendant provides the sworn affidavit of Nathan T. Solomon, an attorney in USPS's National Tort Center, in which Mr. Solomon testifies to the authenticity of the letters sent by USPS to Mr. Woody. (ECF No. 16-1.)

The FTCA codifies a limited waiver of the sovereign immunity of the United States

wherein a plaintiff may bring suit for certain torts committed by Government employees. *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Given the value of sovereign immunity to the sovereign, however, "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)). Plaintiffs bringing claims under the FTCA thus "must file an FTCA action in careful compliance with its terms." *Kokotis*, 223 F.3d at 278 (citing *College v. United States*, 411 F. Supp. 738 (D. Md. 1976), *aff'd*, 572 F.2d 453 (4th Cir. 1978)). Moreover, it is the plaintiff, and not the defendant, who bears the burden of establishing that he satisfied the terms of the FTCA. *See, e.g.*, *Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994).

As the United States Court of Appeals for the Fourth Circuit has explained, a "key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Kokotis*, 223 F.3d at 278 (citing 28 U.S.C. § 2401(b)). Specifically, the FTCA commands that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

The materials which defendant attaches to its Motion are integral to the Complaint insofar as plaintiff's right to bring this action under the FTCA depends on USPS's issuance of a final decision denying his claims. 28 U.S.C. § 2401(b). While plaintiff challenges the authenticity of these materials in its Opposition brief, the affidavit of Nathaniel Solomon,

submitted with defendant's Reply, confirms the authenticity of USPS's decision letter. (ECF No. 16-1.) Accordingly, the Court may consider these materials without converting Defendant's Motion into one for summary judgment. *See Goines*, 822 F.3d at 166.

As to the merits, it is readily apparent that plaintiff Woody's civil action in this Court was not timely filed. USPS mailed Mr. Woody its final decision letter on July 10, 2015. (ECF No. 14-5.) Mr. Woody had until January 10, 2016 to file a complaint in this Court. As the Complaint in this case was not filed until February 26, 2016—more than six months after the July 10, 2015 letter—Mr. Woody's claims are time barred and must be DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 14) is GRANTED and plaintiff Woody's claims are DISMISSED WITH PREJUDICE.

A separate Order follows.


Date:  December 19, 2016                    ____/s/_____
                                            Richard D. Bennett
                                            United States District Judge